Case for argument this morning is 23-2367 Bakertop Licensing v. Canary Connect. Mr. Finger. Thank you, Your Honor. Good morning and may it please the Court. David Finger representing appellants Lori LaPre and Backertop Licensing, LLC. As the Court is aware, Ms. LaPre was charged with a misdemeanor which would require her to travel from Texas to Delaware to testify in an investigation the District Court was undertaking. Can I ask you a preliminary question? Not exactly about this, but as we've been able to discern from the record in this case, there were four suits filed in Delaware and apparently others filed in other jurisdictions at approximately the same time. I think the total is ten. Do we know if those cases are still pending in those other jurisdictions? I think a number have been dismissed, but I don't know the numbers. Thank you. A fundamental principle of our constitutional system is that in the absence of a statute or minimal context, the Court may not compel the presence of someone who lives outside the Court's geographic boundaries. The District Court's order is directly contrary to this principle. What is this principle? Is it Rule 45 that you're referring to? It is Rule 45, but Rule 45, by its exception, is C-1B, which states that a person subject to a subpoena within the state where the person resides is employed or regularly transacts business. That is ethical where the person being subpoenaed is a party or a party's officer, and Ms. LePray is the officer of back-or-top licensing. But we're talking about Rule 45, but do you disagree that there is any kind of inherent authority that the Court has that would expand beyond Rule 45 in these circumstances? Do you say there's nothing the Court has of inherent authority to do? No, the Court has much inherent power in other areas, but I go back to the Supreme Court cases we've cited, which said that it creates this limitation that if it is contrary to a statute, to the Constitution, or to a rule, then the inherent authority is limited, prescribed by those limitations. But that's the question, right? Is that authority abrogated by this rule, which is silent about any other inherent authority the Court might have beyond that? I mean, the rule itself deals with the parties getting subpoenas, right? Actually, it refers to non-parties getting subpoenas. So why, there's nothing in there, I mean, there could have been, there might have been, I'm sure there are other statutes where authority beyond that granted with regard to the whole universe of subpoenas and creating witnesses is cut off in all other respects. There's nothing like that in Rule 45, right? There's no specific reference to abrogating or limiting whatever the Court's authority might otherwise be. There is no, and quite honestly, I have not seen any statute, as Your Honor has described, which specifically refers to inherent authority and specifically restricts it. I suggest that in this case we have a language that is specifically restrictive, and it says, as I've just read, what is required to bring an out-of-state party to another state. But it's restrictive with respect to when the parties are seeking subpoena authority for witnesses, correct? Well, again, Your Honor, we go back to the, as stated in our papers, the advisory committee's rule identifies the fact that a court order can serve as a subpoena. That definition was accepted by Black's Law Dictionary and several cases which we have cited. Well, do you agree with the legal principle, I don't know if it was chambers, deans, or whatever cases are cited in one or at least the other side's briefs, that there would have to be some explicit limitation on the Court's authority in order for it to prevail? Yes, and we believe that Section C1, or rather, C1, is that explicit restriction. A subpoena may command a person to attend a trial hearing a deposition. How is that, I mean, I don't, I find that argument a little problematic, because Rule 45 on its face clearly applies to parties seeking to get subpoenas from the Court to compel people to attend depositions and the like, right? It's not specifically directed at the Court, it's directed at parties seeking a subpoena from the Court. And I don't know if it's chambers or the other Supreme Court case, but that Court case, the one dealing with Rule 11, Rule 11 specifically deals with limits on the Court's authority to award sanctions, yet nonetheless the Supreme Court said there's still an area for inherent powers that's not incompatible with the limits in Rule 11. So if a rule that's specifically directed to a Court nonetheless doesn't exclude the Court's inherent authority, how does a rule that's not directed to the Court exclude the Court's inherent authority to summon this person? Well, especially, Your Honor, I want to push back a little on that. The fact that it is commonly used as an attorney-issued subpoena does not mean that that is its limitation. And I'm thinking there are... Well, but that's what it is. You're reading C out of context of the entire rest of the rule, which is directed at parties, isn't it? I mean, what's the first part of Rule 145 before we get to C? I'm sorry. I didn't hear the last part. No, it's okay. Go on. Well, again, if you look at the Supreme Court cases other than the one you mentioned, I don't believe they point to anything. Well, can you address the one I mentioned? That one seems pretty on point to me when you have a specific rule of civil procedure that's been adopted by the Supreme Court and affirmed by Congress that says, here's the circumstances in which a court may sanction attorneys, but nonetheless, the Supreme Court said it can go beyond that rule when it doesn't conflict. And so this is a rule directed to the power of the Court to issue subpoenas on behalf of the parties that wouldn't conflict with the Court's own inherent authority to issue orders summoning people itself. But, Your Honor, that is the conclusion. Unless the Court is accepting the principle or the argument that this Rule 145 is limited to lawyer-issued subpoenas. Well, can you point to me something apart from C that seems to suggest that it constrains the Court's authority? Not beyond... Again, yes, we go to the case law and... No, in Rule 45 itself. In Rule 45 itself. But nor is there anything in Rule 45 which says this does not limit... But you don't need that, right? That's what the Rule 11 case from the Supreme Court said. There's nothing in Rule 11 that says the Court still retained the inherent authority, is there? It's just Rule 11 applies for sanctions, but yet the Supreme Court said you can issue sanctions under your inherent authority for other reasons. That is true, Your Honor, and... Can I ask you this? If we decide that Rule 45 doesn't apply and that the Court has the inherent authority to summon Ms. Lecrae, do you have other arguments? I know you've alluded to constitutional arguments, but I don't quite understand what those arguments are. Okay, what if you made them below? I saw them show up at the end of your great brief. Well, first let me say as a prelude that although the words due process don't show up until Your Honor says late, the issue of geographic limitations is simply a due process issue. And the due process clause requires minimum contacts. In Rule 45... Wait, what's your authority for that? I mean, the due process clause requires minimum contacts to sue a party, but what case says it requires minimum contacts for the Court to summon a witness? I mean, the minimum contacts case law you cited, isn't that all venue stuff? Yes, it is. But we're not talking about venue here, right? I mean, Backertop sued the defendant. I mean, they get to choose which court they file in, and she's Backertop's owner. I mean, I don't even know why we would have to apply minimums, contacts analysis, but what's the authority that in exercising the inherent authority there has to be minimum contacts? The venue cases don't do it for me. No, but the principles stated in Burger King and related cases all speak to the sovereignty of independent states and the limitations on courts' authority outside their geographic boundaries. And it doesn't make any sense, I respectfully submit, to say, oh, it works for personal jurisdiction in a case, but you can still grab them and pull them in other circumstances. I fail to see how that can... Well, I don't... I mean, what's the analysis for that? I mean, what's the test for whether it violates procedural due process to summon a witness under a court's inherent authorities, and why is that violated? I submit that the standard minimum contacts case of Burger King and related cases states a legal principle that is applied specifically in the venue case before it, but not limited... But they've never been applied to... And it's never been... ...a witness. Yes, and it's never been rejected as it... either. I see I'm into my reputable time, so I thank the Court. May it please the Court. The District Court had ample authority to order Ms. LaPre, who's the sole owner and officer of an entity that filed multiple cases in Delaware, to appear at a hearing to address serious concerns about potential fraud on the Court and other misconduct. Before you get into that, you were very helpful in the brief, and I appreciate it. I guess the two parties aren't disputing whether or not we have a public jurisdiction to review the contempt order and the merits order, but you were very helpful. Can we talk about that for a minute? Yes. The ability to interview the two for us to consider these interlocutory orders are based on dubbing her a non-party. That's correct. And that's a little odd, right, where she's the sole owner of whatever this enterprise is. And, I mean, she's the type of witness, right, that in a pre-trial conference the judge might easily say, you've got to be here because you're the real party here. So how do we slice the dice here in saying she's a party for other purposes, or she's perceived as a party for other purposes, but not for the purpose of jurisdiction? And I think that's right, that the focus would be on is she a non-party for this specific purpose. And the Third Circuit, in the Emaco Distributors case, said that even if it's an officer of a party, for purposes of assessing whether they have an appeal here, we consider them a non-party. And I think the Wallace case from the Third Circuit also speaks to this. And even if there it was an attorney representing a party, but even if there's some sort of overlapping interest between the two, if they're kind of functioning as a witness, as Ms. LePray was here submitting a declaration about personal facts, there to testify as a witness, then that, you know, functionally we should be considering that as a non-party. So I think under the Third Circuit's case law, that would be the right analysis here. And under your view of inherent authority, you mean you agree it's subject to a reasonableness test? Yes, absolutely. And the Supreme Court says that in the Dietz case from 2016, that even if you have an inherent power, it has to be a reasonable exercise to confront the problems before the court. So on appeal, there would certainly be, could be, although this argument wasn't raised here, an abuse of discretion review of that reasonableness. That is one limit on the inherent power, including this inherent power to order a witness to appear. Well, hypothetically, could that have been the case because she was offering readily and able to be videotaped? So in the absence of the chief judge articulating, presumably reasonably, that it's a credibility analysis and I need somebody sitting there. But in the absence of his having made that argument, then this could arguably come within abuse of discretion on reasonableness? And he has to establish a need to have her there, right? Yes, I think that's right. And I think, as you said, the district court did that here, analyzed whether videoconference would be sufficient. The district court found that no, he really needed to hear from this individual in person to assess credibility. I think reasonable minds can differ about that. I think the district court here was well within the bounds of reasonableness under these circumstances. But in a different case, I think certainly that could cross the line if videoconference would really be sufficient for the particular needs in that case. And what about the amount of the contempt order? I mean, that too would be reviewable for the abuse of discretion as to whether or not the amount was excessive? Yes, that's correct. That's correct. And I think here, the $200 a day, the district court went through a fairly thorough analysis to reach that number based on the individual's resources and the need for the testimony. I think $200 a day was appropriate here. But yes, that would be an abuse of discretion review. Now, could you talk for a minute about the kind of second part of the jurisdictional thing, which is we've got the contempt and then we've got the underlying merits. And it certainly would seem to make sense to, I think, most everyone that we would adjudicate both in the same bundle. But is there a hoop we have to go through in order to do that? Because Ms. LePray is a non-party and because the underlying order was interlocutory, the Supreme Court have all said that once the individual is held in contempt, there's an immediate right to appeal and you can evaluate the underlying order in the context of that appeal. So I think that would be the case here. And what happened below was there was an argument of waiver, but then the judge adjudicated it, or at least opined upon it nonetheless, right? That's correct. So we have the district court's analysis of the Rule 45 argument. In addition, Ms. LePray presented the argument in the context of the civil contempt proceedings in a motion to dismiss those proceedings. So it was timely raised at that point in the case. The district court did not find waiver. The district court didn't address the argument for other reasons, but it was not a waiver issue. So it was presented. We have the district court's view. There was no need for further factual development or anything along those lines. So I don't think waiver forfeiture would apply here. Would you care to speculate on next steps? I mean, what happens in these cases? The fine isn't that steep. This could go on for years, right? Although the district court, I guess, at some point could say, well, this ain't doing the trick and I'm going to up the fees. Would you care to speculate on how this goes forward? I do think if the court affirms the contempt sanction here, obviously, hopefully the outcome would be Ms. LePray shows up in court and this is taken care of. The district court hasn't completed its sort of investigation of these issues. That is still ongoing. And so I think it would be up to the district court to decide if Ms. LePray is continuing to refuse to show up, whether that is necessary to finish its inquiry or not. And if it finishes the inquiry, then maybe there is some discretion to stop the fine from accruing. But at this point, it is still ongoing. This is a little stupid maybe, but we all agree this is an interlocutory appeal. What's the ultimate final judgment? I mean, the merits case is itself gone. It's dismissed. So there is not going to be any further adjudication or judgment with respect to the merits case. So what's the final judgment in the context of what we are talking about here? I can point to the other related cases in this sort of Nimitz saga because those have been concluded in the district court, where the district court, based on the information gathered through document productions and hearings, determined to refer the case to the PTO for the fraud aspect of things, refer to the state bar associations for potential disciplinary action, and wrap things up that way. So I think that could be the outcome here. The court could find that there... And that would be considered a final judgment. Is there a docket number associated with this adjudication now that we've got going on outside of the merits case? It is all under the original case numbers. Has the court issued a final judgment in this case, or they just filed a motion, or a stipulation? Just the Rule 41 stipulation. There has not been a final judgment beyond that. Presumably he's waiting for the witnesses, right? That would be my guess, yes. Do you know if there are other witnesses that have been ordered to appear by the court? There were, yes. Earlier in the hearings that the court held in the fall of 2022, not in the back or top cases, but the related cases, there were other owners, officers of these cases, who appeared to testify, like Ms. LePray, who appeared to testify in the fall of 22 as well. Were there any problems in the Nimitz proceedings that you know didn't... If I recall, it seems like everybody showed up there. As far as I know, yes. Everybody showed up there. There were, of course, objections to the document production orders that this court addressed in a mandamus posture, but no issues with the witnesses appearing that I'm aware of. And in terms of, again, assuming there's a level of inherent authority and it goes beyond what we're talking about in Rule 45, we talked earlier about the unreasonableness of the fees and yada yada. What about just in that bucket, is it included where one would adjudicate whether or not the investigation itself is excessive? Is that something that would be reviewable? I think as an exercise of an inherent power, yes, that could be reviewed under the same reasonableness, abuse of discretion standard. This court did address that in the Nimitz mandamus petition, finding that at the fundamental level, the district court had authority to be asking the questions that the district court was asking. But yes, I think that could also be part of the review in a different case. And I do think that the due process does apply here as well. The Supreme Court in chamber said, yes, due process is a limit on the court's inherent authority. But in this case, as Judge Hughes pointed out, it was not actually raised below. It was not raised until their gray brief here. And in addition to that, I think Ms. Lafray pretty clearly consented to personal jurisdiction, including the due process component of that, by voluntarily appearing at the fall 22 hearing, by objecting and litigating the order for document productions, by litigating this order to appear, just like a defendant can consent to personal jurisdiction by appearing and participating. So too, Ms. Lafray here. If she hadn't done that, how would we look at a due process analysis here in the context of the inherent authority? Because I think the district court would conclude that it still had authority to summon her even if she hadn't appeared once. Absolutely. Had she raised this objection right away, I still think there would be jurisdiction and due process would be satisfied. The Supreme Court hasn't squarely addressed what standard applies to non-parties as opposed to parties. Some courts have, by analogy, applied the minimum context type of analysis. I think here, as Judge Hughes, you pointed out, as the sole owner and officer of this entity that voluntarily files for lawsuits in the District of Delaware, under any standard, that is a sufficient minimum contact purposely availing of the benefits and protections of that jurisdiction. How does the reasonable limitation on this inherent authority coincide with the due process? Are they kind of coexistent or are they different analysis? I think they are separate analyses. The way the Chamber's decision addressed them, there is, yes, you need to have a reasonable exercise to review that for abuse of discretion, but also, fundamentally, due process needs to be satisfied here. I think those are two limits in future cases on this exercise of inherent authority to call in witnesses as part of an investigation into fraud on the court or other misconduct. So going back to the fact that she appeared once and not a second time, I guess I'm not clear. Does that mean once you appear for all time, you're under our umbrella? Or can't someone change their minds and consult with an attorney and say, whoops, I shouldn't have done that, so now I'm going to exercise my right not to appear? I mean, that shouldn't be too prejudicial for having appeared once, right? Well, I think using the analogy of how a party or a defendant can consent to personal jurisdiction, the analysis there is, have they voluntarily appeared and actively litigated the case without raising a personal jurisdiction objection? The same would be true here. And the interest of the court is, if there is a personal jurisdiction or due process objection, really that should be raised at the beginning of the case before we spend a year operating under the assumption that everybody is here voluntarily. How far afield does this inherent authority go? I mean, based upon Judge Conley's orders and stuff, it appears like there is entities like Max Sevier and IP Edge that are involved. Can you summon witnesses from those parties to appear in this case even though they've never appeared as parties, haven't participated, and haven't done anything with the case? So I think the first question would be the same reasonableness inquiry. What is their testimony? What is their connection to the case? What's the burden on them to appear in this court? And so I think it would be a case-by-case analysis of whether that reasonableness standard is met. And then, again, I do think there would need to be a question about, does this comply with the due process clause? So by their involvement in this scheme that the court has identified, is that enough to find they've purposely availed themselves of this jurisdiction such that due process is not offended? I think that would be the two steps in the analysis. If there are no further questions, I'll be very brief. First, Judge Hughes, to respond to your question about uses of inherent powers and restrictions of 45 in the context of court-called witnesses, I respond by saying  we cite three cases, one from the Seventh Circuit, which was overruled on other grounds by the Supreme Court, and two district court cases, which all state that courts cannot use their inherent power to compel witnesses to appear when the witness is outside the court's subpoena power. So there is no gap in logic, at least from a precedential basis. But do those cases involve the court using its inherent authority to determine whether the circumstances here are using the court's inherent authority to issue a subpoena on behalf of one of the parties? I believe in this case it was the court issuing the subpoena, but it was the request in those cases to some of those witnesses on behalf of the party. Please understand the difference, because clearly if Rule 45 limits the ability of a party to seek subpoenas of non-party witnesses outside the jurisdiction, the court can't fill that gap with its inherent authority because it would directly conflict, because there is a limitation on the party. And that's the way I read those cases, unless you're telling me it was specifically the court, sua sponte, exercising its inherent authority, not at the request of the party. I cannot recall the answer to that question. I apologize. The other point about her voluntary appearance, I believe the law to be that one appearance is not a waiver of all time, parole time. And I will leave it at that. Can I just ask, leaving aside what we've done here, if a judge has a party such as your client and he wants to have a pretrial conference, and as judges frequently do, they say, I want the client here, would he not, in your view, have the authority to order her to come to a case? She's not acting on behalf, being called as a representative of Baccarat. She has been called in her own name. And at least Delaware courts, and I think the district courts does as well, recognizes the independent legal significance of a commercial entity as opposed to the person, just as like a stockholder would not be able to be called, or a director would not be able to call for independently of the corporation. Thank you, Your Honor. Thank you. We thank both sides and very much appreciate the input when we have it this year.